IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TIFFANY HERNANDEZ and JOSE HERNANDEZ-ALVAREZ, Individually and as *guardian ad litem* for their child, L.H., | § § § § | No. 204, 2024 |
| | § | Court Below—Superior Court |
| Plaintiffs Below, Appellants, | § § | of the State of Delaware |
| | § § | C.A. No. N23C-11-112 |
| v. | § § | |
| BAIRD MANDALAS BROCKSTEDT & FEDERICO, LLC; CHASE T. BROCKSTEDT; PHILIP C. FEDERICO; BRENT CERYES; STEPHEN A. SPENCE; SCHOCHOR, STATON, GOLDBERG, AND CARDEA, P.A., | § § § § § § § § § | |
| Defendants Below, Appellees. | § § | |

Submitted: March 26, 2025
Decided: May 6, 2025

Before **VALIHURA**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After careful consideration of the parties' briefs and the record on appeal, and following oral argument, it appears to the Court that:

(1)    The Superior Court first held that plaintiffs were collaterally estopped from pursuing their legal malpractice claim against defendants because, among other

elements of collateral estoppel,[1] the claims administrator's decision in the underlying class action was a final adjudication on the merits by a court of competent jurisdiction as the claims process was an approved process set up by the court in the underlying action. The Superior Court next held: "The underlying court's findings that representation of the class was adequate to approve the settlement serves as an independent basis, beyond the [c]laims [a]dministrator's decision, to give preclusive effect to [p]laintiffs' assertion that [d]efendants committed malpractice."[2] The Superior Court dismissed all claims asserted by plaintiffs based on these holdings.[3]

(2) We affirm the Superior Court's holding that the finding in the underlying action that class representation was adequate precludes plaintiffs from now asserting a legal malpractice claim against defendants. Because we affirm on this basis, we need not address the Superior Court's holding as to the claims administrator's decision. Additionally, we conclude that plaintiffs asserted a litigation malpractice claim, not a transactional malpractice claim.[4]

---

[1] The court also concluded that: the issue of fact regarding causation for the underlying action and this malpractice action were the same; plaintiffs were a party in the underlying action; and plaintiffs had a full and fair opportunity to litigate their claims in the underlying class action litigation process. *See Hernandez v. Baird Mandalas Brockstedt & Federico, LLC*, 315 A.3d 1183, 1192–93 (Del. Super. 2024).

[2] *Id.* at 1195; *see also id.* at 1194 ("In addition to the [c]laims [a]dministrator's decision, the fairness decision of [the underlying court] also acts as a preclusion to [p]laintiffs' claims.").

[3] *Id.* at 1195.

[4] *See Country Life Homes, LLC v. Gellert Scali Busenkell & Brown, LLC*, 259 A.3d 55, 60 (Del. 2021) (stating that a transactional claim occurs "where a plaintiff claims that loss was suffered because of an attorney's negligence in such matters as the drafting of an agreement, a real estate

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

transaction, or a business transaction"). Plaintiffs rely on *Sherman v. Ellis*, 2020 WL 30393 (Del. Super. Jan. 2, 2020), *rev'd*, 246 A.3d 1126 (Del. 2021), but that case is distinguishable as it involved the preparation of a premarital agreement, which is precisely the type of matter that falls within the transactional claim confines described by this Court in *Country Life Homes*. 259 A.3d at 60 (citing *Sherman* as an example of transactional malpractice claim). Plaintiffs' claim here, by contrast, arose from the class action litigation proceedings.